MORGAN H. CHRYSLER, Respondent, *v.* GEORGE CANADAY, Appellant.

A mere assertion by a vendor as to the value of the property offered by him for sale, although untrue and known by him to be so, will not render him responsible to the vendee for damages. There must have been a

want of knowledge on the part of the latter, and a purchase by him in entire reliance upon the representations made, or there must have been some artifice employed to prevent inquiry or the obtaining of knowledge by him.

Where, therefore, in an action to recover damages for fraud in the sale of certain real estate and bonds and mortgages, wherein the alleged fraud consisted in false representations as to the value of the property, the court charged, in substance, that if defendant knowingly and willfully made a false statement as to the value of the property, with the intention to mislead the vendee, and if the latter, relying upon them, is misled, he may recover damages for the injury, and refused to charge, that when the property is seen and examined by one negotiating for the purchase he has no right to rely upon the statements of the vendor as to value, *held* error.

*Simar* v. *Canaday* (53 N. Y. 298), distinguished.

As to whether in such an action the jury can give punitive damages *quære.*

(Argued May 29, 1882; decided October 27, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made February 11, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged fraud on the part of defendant, by which plaintiff was induced to convey to said defendant a farm, receiving in exchange therefor certain premises in the city of Albany and certain bonds secured by mortgages on real estate. The fraud consisted of alleged false representations known by defendant to be untrue as to the value of the real estate conveyed and covered by the mortgages and as to the income received and collectible therefrom.

The facts material to the questions discussed are stated in the opinion.

*Rufus W. Peckham* for appellant. The court erred in charging the jury that plaintiff could recover if defendant made a false statement as to the value of this property, which he knew to be false, if the plaintiff relied on it and sustained damage. (*Clark* v. *Baird,* 9 N. Y. 183; *Van Epps* v. *Har-*

*rison*, 5 Hill, 63, at p. 69; *Starr* v. *Bennett*, id. 303; *Veasey* v. *Doton*, 3 Allen, 380; *Hammond* v. *Pennoch*, 61 N. Y. 145; *Ellis* v. *Andrews*, 56 id. 83; *Graffenstein* v. *Epstein* [Sup. Ct. of Kansas], 21 Alb. L. J. 496; *Speiglemeiyer* v. *Crawford*, 6 Paige, 254; *Hutchinson* v. *Brown*, Clarke's Ch. 409, 416; *Smith* v. *Countryman*, 30 N. Y. 655, at p. 681; *Long* v. *Warren*, 68 id. 426; *Slaughter's Admr.* v. *Gerson*, 13 Wall. 379; *Poland* v. *Brownell* [Mass. Sup. Ct.], 24 Alb. L. J. 436; *Brown* v. *Castles*, 11 Cush. 348, at p. 350; *Morney* v. *Miller*, 102 Mass. 217; *Parker* v. *Moulton*, 114 id. 99; *Slaughter's Admr.* v. *Gerson*, 13 Wall. 379.) The difference in value of the Catherine street houses, as shown by plaintiff's evidence, and the value as alleged to have been stated by defendant to him, was such that no court should have permitted a jury to find a fraudulent over-statement upon such evidence. (*Palsey* v. *Freeman*, 3 Durnf. & East, 51.) The court erred in permitting evidence to be given under defendant's objection and exception as to what the real estate sold for under foreclosure. (*Swinnerton* v. *Ins. Co.*, 37 N. Y. 174; *People* v. *Snyder*, 41 id. 397; *Brown* v. *Piper*, 91 U. S. 37, specially at 42; *Terhune* v. *Phillips*, 99 U. S. 592; Taylor's Evidence, § 4, note 2; *Humphrey* v. *Burnside*, 4 Bush [Ky.], 215; *Hart* v. *Bodlus*, 1 Hard. [Ky.] 98; *Bell* v. *Bennett*, 2 J. J. Marsh. [Ky.] 516; *Payne* v. *Treadwell*, 16 Cal. 220; *Oppenheim* v. *Wolf*, 3 Sandf. Ch. 571; *Eaton Co.* v. *Avery*, 83 N. Y. 31; *Bank* v. *Hall*, id. 338; L. R., 18 Ch. D. 30, 53, 54; *Flannagan* v. *Maddin*, 22 Alb. L. J.) In actions such as this, for deceit, whether in the sale of personal or real property, the measure of damages is the difference between the actual value of the property at the time of the sale and what it would have been worth if it had been as represented. (*Monell* v. *Colden*, 13 Johns. 395; *Hubbell* v. *Meigs*, 50 N. Y. 480, at p. 491; *Wyeth* v. *Morris*, 13 Hun, 338; *Taylor* v. *Selden*, 3 Alb. L. J. 375; *Graves* v. *Spier*, 58 Barb. 349; 49 N. Y. 657; 20 Am. Law Reg. [N. S.] 570.) The court erred in charging that exemplary damages might be allowed. The rule of damages in this kind of action is held to be one of compensation only.

( *Van Bruck* v. *Peyster*, 4 Rob. 514 ; *Lane* v. *Wilcox*, 55 R. 615.)

*R. E. Andrews* for respondent. The judge committed no error by his charge and refusal to charge that statements and affirmations of value of property sold may be actionable. (*Simar* v. *Canaday*, 53 N. Y. 306 ; *Paisley* v. *Freeman*, 3 Durnf. & East. 51 ; *Hubbell* v. *Meigs*, 50 N. Y. 481, 488; 2 Addison on Torts, 422 ; *Bacon* v. *Frisbee*, 15 Hun, 29 ; *Duffany* v. *Ferguson*, 66 N. Y. 485; *Pasley* v. *Freeman*, 3 T. R. 57, 61, 62, 63, 64, 51 ; *Marsh* v. *Falker*, 40 N. Y. 565 ; *Oberlander* v. *Spiess*, 45 id. 175, 177, 179 ; *Meyer* v. *Amidon*, id. 170 ; *Addington* v. *Allen*, 11 Wend. 414 ; 2 Add. on Torts [Wood's ed.], 422, 423, 424 ; id. § 1186, note *i;* id., § 1186, note *i*, p. 424 ; 2 Kent's Com. 484–5; *Vernon* v. *Keyes*, 12 East, 632 ; affirmed, 4 Taunt. 488 ; *Bowing* v. *Stevens*, 2 Carr. & P. 337.) The charge that the jury might give damages by way of punishing the defendant, if they thought his conduct had been such as to require him to be punished, was not erroneous. (*Hamilton* v. *Third Ave. R. R. Co.*, 53 N. Y. 25–30 ; *Cox* v. *N. Y. C. & H. R. R. R. Co.*, 4 Hun, 179 ; *Rounds* v. *L. & W. R. R. Co.*, 3 id. 335 ; *Parker* v. *L. I. R. R. Co.*, 13 id. 320 ; *Allen* v. *Addington*, 7 Wend. 9 ; *Addington* v. *Allen*, 11 id. 374 ; *Fry* v. *Bennett*, 4 Duer, 261 ; 2 Wait's Act. and Def. 447, 450, 451 ; 2 Add. on Torts [Wood's ed.], 645, 647, note *i ;* id. 645, note 1; id. 647, note 1 ; 2 Wait's Act. and Def. 447 ; *Day* v. *Woodworth*, 13 How. [U. S.] 363 ; *Oliver* v. *Chapman*, 15 Tex. 400; 2 Wait's Act. and Def. 450, 451 ; *Millison* v. *Hoch*, 17 Ind. 227 ; *McWilliams* v. *Bragg*, 3 Wis. 424. And see *Goddard* v. *Grand Trunk Railway*, 57 Me. 202 ; *S. C.*, 2 Am. Rep. 39 ; *Malone* v. *Murphy*, 2 Kans. 250.) The court properly overruled the objection to evidence of what the Hamilton and Liberty street houses sold for under foreclosure sale in 1878. (*Knickerbocker Ins. Co.* v. *Nelson*, 78 N. Y. 137, 145 ; *Dana* v. *Fields*, 12 id. 40, at p. 49 ; *Jones* v. *Morgan*, 24 Hun, 372, 373 ; *Campbell* v.

*Woodworth,* 20 N. Y. 499; *Gill* v. *McNamee,* 42 id. 44; *Crounse* v. *Fitch,* 6 Abb. Pr. [N. S.] 187; *Hoffman* v. *Conner,* 76 N. Y. 121, at p. 124; *Morr* v. *Deyoe,* 22 Hun, 222.)

MILLER, J. The most important questions which arise upon this appeal relate to the charge of the judge to the jury upon the trial, and to his refusals to charge several requests made by the counsel for the appellant, to each of which rulings an exception was taken.

The judge charged that "if the defendant knowingly and willfully made a false statement as to the value of the property which was conveyed to the plaintiff, that the plaintiff can maintain this action." He further stated that, "if he, knowing them" (the statements made) "to be untrue, makes them with the intention of misleading the vendee, and if the latter, relying upon them, is misled to his injury, he may avoid the contract or recover damages for the injury." The rule stated was repeated in substance in language of a similar import, and several requests to charge were made and refused, embodying a contrary proposition and relating to statements made as to specific portions of the property sold, and also to the effect that when the property is seen and examined by a person negotiating for the purchase or exchange, he must rely upon his own judgment and opinion as to the value and worth, and has no right to rely upon the statement of the person offering the same for sale or exchange. Some other requests to charge were also made and refused which involved the same principle.

The charge as made, and the refusals to charge to which exceptions were severally taken, may properly be considered as presenting the point as to the nature, extent and character of the liability which is assumed by a vendor in entering into a contract with a vendee for the sale of real estate which the latter has seen, partially examined, but the value of which is far less than what is represented, and the representation is falsely made by the vendor for the purpose of obtaining a higher price for the property, and it is purchased by the vendee after his ex-

amination, in reliance upon the correctness of the statements made.

The questions presented by the exceptions to the charge as made and the refusals of the judge to charge as requested are not unfamiliar to the courts of this State and have been the subject of frequent consideration. In *Simar* v. *Canaday* (53 N. Y. 298; 13 Am. Rep. 523), a leading case, an action was brought to recover damages for a fraud alleged to have been committed upon the sale of real estate by inducing the plaintiff to convey to the defendant certain other real estate, for which the plaintiff agreed to receive in part payment certain bonds and mortgages which were alleged to be worthless. In the opinion of the court by FOLGER, J., the question was considered whether the statements made by the defendant were mere matters of opinion and belief, and it is there laid down that, " if they were such, no liability is created by the utterance of them; but all statements as to the value of property are not such. They may be, under certain circumstances, affirmations of fact." " When known to the utterer to be untrue, if made with the intention of misleading the vendee, if he does rely upon them and is misled to his injury, *they avoid the contract.* (*Stebbins* v. *Eddy*, 4 Mason, 414–423.) And where they are fraudulently made of particulars in relation to the estate which the vendee *has not equal means of knowing, and where he is induced to forbear inquiries which he would* otherwise have made, and damage ensues, the party guilty of the fraud will be liable for the damages sustained."

These remarks must be considered in the light of the facts appearing in the case cited, and an examination of the record shows that there was evidence that the mortgages taken in exchange for the land sold were upon land located at a distance, which the plaintiff had not seen, and as to the value of which he knew nothing; that although the plaintiff proposed and the defendant agreed to go and see it, and several appointments were made for that purpose, the defendant did not fulfill and finally told the plaintiff that it was not necessary for him to go and examine the land, that he could take his word for it that it was just as he said.

There was also testimony showing that the defendant made representations as to the former and the then existing condition of the land, what it had previously sold for, and its value, which were alleged to be false. It will thus be seen that there was proof tending to establish that the defendant fraudulently attempted to induce the plaintiff to refrain from examining the land himself and place reliance upon the defendant's statements as to its condition and value, and hence what was said by the learned judge had reference to this element in the case. While, therefore, the general rule is laid down as to statements made which were known to be untrue, it is qualified and restricted where the vendee has not equal means of knowledge, and where he is induced to forbear inquiries which he otherwise would have made. That this is a correct interpretation of the opinion in the case cited is supported by the decision of this court in the subsequent case of *Ellis* v. *Andrews* (56 N. Y. 83; 15 Am. Rep. 379), where it is held that a false statement of the value of property by the vendor, made for the purpose of obtaining a higher price than he knew it was worth, will not sustain an action for fraud by the purchaser, who contracts relying upon such statement. It is laid down in the opinion by GROVER, J., that upon the question of value the purchaser must rely upon his own judgment, but in regard to any extrinsic fact affecting the quality or value of the subject of the contract, he may rely upon the assurances of the vendor, and if he does so rely and those assurances are fraudulently made to induce him to make the contract, he may maintain an action for the injury sustained. In *Simar* v. *Canaday* inducements were held out which may have prevented the plaintiff from examining the property and caused him to rely upon the word of the defendant, and if they were fraudulent the action could properly be upheld upon that ground.

If, in the case at bar, the evidence introduced established that the plaintiff was, by the artifice or fraud of the defendant, induced to refrain from an examination of the property, and relied upon the assurances made to him, the action upon that ground could be upheld.

We are unable to discover any conflict between *Simar* v. *Canaday* and *Ellis* v. *Andrews,* and we think that the two cases upon principle are entirely reconcilable. Nor is it apparent that the rule laid down in the latter case is inconsistent with any of the decisions of this court cited by the respondent's counsel, all of which have been carefully examined and considered.

The rule is well settled that a naked assertion by a vendor of the value of property offered for sale, even although untrue of itself, and known to be such by him, unless there is a want of knowledge by the vendee, and the sale is made in entire reliance upon the representations made, or unless some artifice is employed to prevent inquiry or the obtaining of knowledge by the vendee, will not render the vendor responsible to the vendee for damages sustained by him.

In this case there are facts proven which show artifice and conspiracy from the outset on the part of the defendant to cheat and defraud the plaintiff, who was put in communication with parties who aided in carrying out the deception and putting him under the influence of confederates who acted in collusion and with the palpable purpose to deceive and defraud him. The facts referred to would undoubtedly have great effect upon a jury, and, if properly presented, would justify a verdict for the damages sustained. But in the charge to which exception was taken, the jury were at liberty to dismiss these considerations from their minds, and the charge as made and excepted to went far beyond what was authorized, and was therefore erroneous.

As there was error in the charge as made in the respect indicated, it is not necessary to consider in detail the several requests to charge which were refused, and it is sufficient to say that so far as any of them presented a proposition in relation to the statements made adverse to that portion of the charge which has been considered, such refusal was also erroneous.

A serious question arises in regard to the charge of the judge, to the effect that the jury might give, in a clear case,

such damages, by way of punishment, as they thought the conduct of the defendant deserved. Also, that when one man defrauds his neighbor willfully and deliberately, the jury can, if they see fit, mark the conduct of the defendant by giving a sum over and beyond the actual damages which the party defrauded has sustained, by way of punishment for the conduct of the defendant.

Inasmuch as a new trial must be granted for the error committed by the judge upon the trial, which has already been considered, we do not deem it necessary to pass upon the question presented as to the right of the plaintiff in an action where a willful and deliberate fraud has been committed, to recover exemplary or punitive damages.

The other questions presented upon this appeal have been examined and considered, but we are unable to discover that any error was committed in any of the rulings of the judge in respect to the same, and for the error of the judge in his charge, which has been discussed, the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.