TERESA H. HICKEY, Appellant, *against* JOHN H. MOR-
RELL, Respondent.

*(Decided June 30th, 1884.)*

A statement in an advertising circular by the proprietor of a storage
warehouse that the exterior of his warehouse is fire proof, is an expres-
sion of opinion, and not a representation of a fact, such as would sus-
tain an action for damages for false representations in making such
statement.

APPEAL from a judgment of this court entered upon the
dismissal of a complaint.

On the 28th day of May, 1881, the plaintiff delivered to
the defendant a quantity of personal property for storage
in his warehouse. She had previously received a circular,
issued by the defendant, containing these words: "These
buildings have been erected at an immense cost, and no
expense has been spared in supplying light, ventilation and
protection against the spread of fire, the exterior being fire-
proof and the interior being divided off by heavy brick
walls, iron doors and railings, appropriate and convenient
in every way for the various kinds of articles to be stored."
The plaintiff, before storing her property, visited the
warehouse and was in a general way familiar with its exte-
rior from frequently passing. In October, 1881, a fire origi-
nated in the stables opposite the warehouse on East Thirty-
second street. The conflagration was exceptionally fierce,
and the flames caught the wooden window frames of the
warehouse, and it was burned with its contents, including
the plaintiff's property. This action was brought to recover
damages for false representations, fraud and deceit. The
court at trial term dismissed the complaint. From the judg-
ment entered thereon, plaintiff appealed.

*R. H. Underhill* and *William Fullerton,* for appellant.

*John M. Bowers,* for respondent.

BEACH, J.—[After stating the facts as above.]—The false representation, fraud and deceit relied upon by the plaintiff, is contained in the circular, and it is apparent must consist of the paragraph quoted in the foregoing recital of fact. The learned judge at trial term held the statement to be an expression of opinion and not a representation of fact. The correctness of this view must be first considered, for the question lies at the threshold of plaintiff's case. Aside from false statement of a fact, the other additional findings necessary to defendant's liability involved matters proper for submission to a jury. These were, knowledge of falsity in defendant, his intent to deceive, and reliance by plaintiff. But the only proposition on this appeal is whether or not the statement in the circular of the "exterior being fireproof" is of a fact or the expression of an opinion. This point was properly passed upon by the learned court below as a question of law. In *Simar* v. *Canaday* (53 N. Y. 298), the statements related to the value of lands and mortgages, and the decision must be restricted to representations upon that subject, with the additional requirements more amply stated from the record in *Chrysler* v. *Canaday* (90 N. Y. 272). While there may be many cases of this character necessitating submission to a jury, it by no means follows that none can arise where the point is presented in a way to make the question one of law for the court. The case at bar belongs to the latter class.

I am of opinion the disposition of the case below was proper. There is no difference between counsel about the legal principle governing defendant's liability. The one contends the statement to be of a fact, the other an expression of opinion. There are many cases affording illustration for guidance, and none more pertinent than those cited by the appellant's counsel.

In *Van Epps* v. *Harrison* (5 Hill 63), the affirmations were that the land sold was even and level, well situated for building lots, and required no grading, and the price paid for the property was 32,000 dollars. In *Martin* v.

*Jordan* (60 Me. 531), that a certain quantity of hay was cut from a farm the previous season. The condition of the surface of a plot of ground, and the price paid for it, are facts and not opinion. They may be verified or disproved. The same is true of the product of a farm, in any given season, while what it may produce in the future would be an opinion. These are affirmations of facts. Representations held to be opinions, imposing no liability, are found in *Jendevine* v. *Slade* (2 Espinasse 572 n.); *Taylor* v. *Bullin* (5 Exch. 779); *Gordon* v. *Butler* (105 U. S. 553); *Holbrook* v. *Connar* (60 Me. 578); and *Kernoble* v. *Hunt* (4 Black, 57).

The statement that the exterior of the building was fireproof gave no more than the defendant's judgment, and there is no proof from which to infer that he did not so believe, and knew it to be false. To prove it false was impossible. No one could know it was fireproof until trial was made, and consequently an assertion to that effect could be no more than the expression of an opinion.

If an affirmation is subject to verification or disproval, it states a fact. If not, and effort to verify or disprove results in opinion, the original statement is of that character. Had the plaintiff investigated the laudatory recommendation of the circular, all possible for her to secure would have been, not the truth or falsity of a fact, but her own and others' opinion upon the exterior being fireproof.

The absence of iron shutters from the windows does not affect the position, because it does not appear in the case that their presence would have saved the building or rendered its exterior fireproof. The chief of the fire department, one of plaintiff's witnesses, gave an opinion directly the reverse.

The judgment should be affirmed, with costs and disbursements.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed, with costs.