## No. 5966.

## J. S. BROWN & CO. *v.* LESSING, SOLOMON & ROSENTHAL.

**1.** PRACTICE.—In a suit involving title to property seized under attachment and claimed by a third party, while the trial judge must in the first instance determine in whose possession the property was when it was seized under process, it does not follow that in a proper case the court should not submit to the jury the question of fact on which the determination of the burden of proof must rest.

**2.** SAME.—When rights involved in a sale are fixed by written contract between the parties which is not produced on the trial, and the sale is proved by parol without objection, the failure to produce the written contract of sale becomes immaterial.

**3.** EVIDENCE.—In a suit involving the good faith with which a sale of goods was made, which was attacked for fraud, the answers of the vendor in his own behalf, regarding his motives in selling, are admissible in evidence.

APPEAL from Falls.     Tried below before the Hon. B. W. Rimes.

*Goodrich & Clarkson,* for appellants.

*Jones & Kendall* and *A. M. Jackson,* for appellees.

STAYTON, ASSOCIATE JUSTICE. Appellants caused a writ of attachment to be levied on the property in controversy, as the property of Kerchain & Chambers, and the appellees filed claim under the statute. The property was sold to the claimants by Kerchain & Chambers several days before it was seized under the attachment, and the issue was as to whether the sale, within the meaning of the statute, was made with intent to hinder, delay and defraud creditors.

In so far as evidence was offered upon the question, it tended to show that the claimants were in possession at the time the property was seized, and we are not prepared to say that it was not sufficient to prove that fact. The court instructed the jury that the burden of proof rested upon the appellant; and, whether this was so depends on the possession at the time the levy was made. (Rev. Stats., arts. 4838, 4839.)

This was a question which, for the purpose of determining the order for the introduction of evidence and the argument of

the cause, the court necessarily had to determine in the first instance. (Rev. Stats., arts. 1297, 1299.)  It would not follow from this, however, if the facts called for it, that the court should not have submitted to the jury the question of fact on which the determination of the burden of proof rested.

Looking to the evidence, however, we do not see that the court would have been justified in casting doubt on that fact by submitting the issue requested, for the evidence would not have justified a finding that Kerchain & Chambers were in possession at the time the goods were seized.  All the evidence bearing on that question tended to show that the claimants were in possession.

On the day the goods were sold to the claimants the key to the house in which they were was delivered to them, and there is nothing to show that the possession of their agent, in the house at the time the levy was made, was not a possession with full right to control.

Some of the charges asked were objectionable on the further ground that thereby the jury would have been called upon to pass upon a question of law, which was not their province.

The claimants were shown to be creditors of Kerchain & Chambers, and it was claimed that they purchased the goods in satisfaction of the debt due to them, which seems to have exceeded in amount the value of the goods.  The court very carefully and correctly informed the jury as to the right of a creditor to buy from a debtor in satisfaction of the debt, and as to the facts which would render a conveyance fraudulent under the statute, and the concluding part of one of the paragraphs in which this was done contained the following language:

"That if they believe from the evidence that Kerchain & Chambers conveyed said goods to the claimant before the levy, and that the claimants openly received said goods, and the same was taken solely for the purpose of securing their debt, and not for the purpose to cover up said goods or its proceeds for the benefit of Kerchain & Chambers, to the prejudice of their other creditors, and no more goods were received than were reasonably sufficient to discharge their debt, to find for the claimants."

It is urged that this was erroneous.  There was no error in this, and the question has been so often considered and decided that it is neither necessary nor proper for this court to again enter into its discussion.  (Greenleve, Block & Co. v. Blum, 59

Texas, 124; Ellis v. Valentine, 65 Texas, 532; Lewy v. Fischl, 65 Texas, 320; Hamburg v. Wood, 66 Texas, 175.) It appears that the sale made by Kerchain & Chambers to the claimants was evidenced by an instrument in writing, which was not produced on the trial nor its absence accounted for, but proof of the sale other than by the writing was made without objection, and this seems to have been done by the appellants.

The appellants asked charges to the effect that the jury would find in their favor, unless the sale had been proved by the introduction of the written instrument by which it was made. This was refused, and correctly so. If the appellant had objected to proof of the sale other than by production of the instrument by which it was made, the objection doubtless would have been sustained, unless some sufficient reason for its non production was shown, but no such objection was made and proof other than primary having been introduced without objection, the jury were entitled to consider it.

Chambers, one of the vendees, made a witness by appellant, was asked as to the motive of himself and partner in making the sale to claimants. This was objected to, and the objection overruled, and the witness was permitted to state that "his only motive was to pay claimants' debt, who were and had been their friends, and had let the firm have about all the goods used in their business." This evidence was admissible. Hamburg v. Wood, 66 Texas, 176.

The charges asked by the appellant and refused, in so far as correct, applicable and not connected with erroneous or misleading propositions, were substantially embraced in the charge given, which was clear, and fairly presented the law applicable to the entire case, and the court did not err in refusing to give the charges requested.

The proposition that a new trial should have been granted because there was no evidence to sustain the verdict, is based on the proposition that it was necessary that the bill of sale under which the appellees claim should have been produced; and, that in the absence of this, notwithstanding the sale was otherwise proved without objection, there was no evidence of title in them. This has been considered.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*