## J. H. FINKS, ADMINISTRATOR, v. J. S. THOMPSON.

### No. 1363.

**1. Married Woman—Liability on Contract—Separation from Husband.**

The power of a married woman living separate from her husband to bind herself by contract does not depend on whether or not she was to blame for the separation.

**2. Same—Insufficient Proof of Abandonment.**

Evidence that a wife for over two years lived and kept a boarding house in a town other than where the husband resided, during which time they occasionally visited each other, exchanged letters, and were on friendly terms, does not show such a permanent separation and abandonment by the husband as would empower the wife to bind herself by contract as a feme sole.

APPEAL from McLennan. Tried below before Hon. L. W. GOOD-RICH.

*E. H. Graham,* for appellant.

*Clark & Bolinger,* for appellee.

KEY, ASSOCIATE JUSTICE.—J. S. Thompson sued J. H. Finks, as administrator of the estate of Mrs. L. C. Beatty, deceased, upon a verified account. Finks pleaded the coverture of Mrs. Beatty at the time the account was made. Thompson pleaded in avoidance, that the account was for necessaries for Mrs. Beatty; was for the benefit and preservation of her separate property; and that, prior to making the account, her husband had permanently abandoned her, and therefore she could bind herself as feme sole.

There is no dispute about the fact of Mrs. Beatty's coverture when she bought the goods.

An attempt was made to show a permanent separation; but the plaintiff's evidence on that subject is unsatisfactory, and that offered by the defendant tended to disprove such separation. Some of Mrs. Beatty's letters to the plaintiff, which were put in evidence by him, show that the two spouses communicated with and occasionally saw each other; and that Mrs. Beatty recognized the legal status of her husband and his authority as such and her own incapacity to act as a feme sole because of her marital relation.

It is true that during the time of the transactions in question, which was over two years, Mrs. Beatty was keeping a boarding house in Waco and her husband was living in Hill County. But her letters to the plaintiff, as well as Marshall's evidence, indicates that they visited each other and were on friendly terms, and there was nothing to show that their living in that manner continued all the time after she quit keeping the boarding house. It may be that such separation was by mutual agreement for the supposed pecuniary benefit of the two, and they may have resumed cohabitation soon after the boarding house enterprise terminated.

If Mr. and Mrs. Beatty's marital relations were unsatisfactory, and for that reason they separated, intending the separation to be permanent, it seems to us that other and stronger proof tending to show these facts can be produced.

We do not mean to hold that Mrs. Beatty's power to bind herself by contract would depend, in any sense, on whether or not she was to blame for the separation, for such is not the law.

But when husband and wife are living apart, and it becomes necessary to determine whether or not such manner of living is intended as a permanent separation, the circumstances of the separation may shed light on that question.

If the separation is for business purposes, or on account of ill health, it is not as likely to be permanent as when it results from marital discord, no matter which spouse may be to blame.

Because it is not supported by the evidence, the judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*

Delivered November 13, 1895.