## J. F. CROSBY v. F. L. BONNOWSKY.

### Decided May 28, 1902.

**1.—Landlord and Tenant—Tax Sale.**

A tenant may become the purchaser of the land at a judicial sale of it for taxes, and may assert the title so acquired without coming within the rule inhibiting a tenant from denying the title of the landlord, since a tenant is not charged with the duty of protecting the land from judicial sales.

**2.—Tax Sale—Irregularities—Collateral Attack.**

In a proceeding to foreclose a tax lien on land of a nonresident served by publication, failure of the court to appoint an attorney for the defendant and to file a statement of the evidence, as required by the statute, does not render the judgment subject to collateral attack, but can be taken advantage of only by appeal or bill of review. Rev. Stats., art. 1346.

**3.—Same—Notice of Sale.**

So the failure of the sheriff in such a case to notify the nonresident land owner or his attorney of the sale, no attorney having been appointed, will not affect the validity of the sale.

**4.—Same—Equitable Relief—Inadequacy of Price.**

Equity will not afford relief against a sale under foreclosure of a tax lien for mere inadequacy of the consideration paid.

**5.—Same—Order of Sale.**

Where in trespass to try title plaintiff alleged that defendant claimed under a foreclosure decree and order of sale, it was not necessary for defendant to prove the order of sale, as it is not necessary that an allegation in plaintiff's pleading should be offered in evidence against him.

Appeal from Menard. Trial below before Hon. J. W. Timmins.

*Stapleton & Meek,* for appellant.

*Wright & Wynn* and *S. W. Ainsworth,* for appellee.

JAMES, ASSOCIATE JUSTICE.—The second amended original petition consists first of the ordinary allegations in trespass to try title. In addition, plaintiff Crosby alleged that defendant set up a claim to the land under a sheriff's deed by virtue of a sale under a decree and order of

sale from the District Court of Menard County, the judgment rendered on November 10, 1897, in favor of the State against appellant for $5.40, the taxes on the 320 acres in question for the year 1895, together with interest and costs amounting in all to $25.70. That the judgment was had upon service by publication, upon affidavit of the county attorney that the residence of defendant was unknown. That defendant not appearing when the case was called for trial the cause was proceeded with, no attorney being appointed by the court to represent the absent defendant, and judgment was rendered without any statement of the evidence being prepared and filed by the judge with the papers of the cause. That no notice was given of the sale to anyone by the sheriff, his return reciting "residence unknown,—no attorney." That at the sale Bonnowsky became the purchaser for $25.70, which he paid and for which he received the sheriff's deed for the land. That the land was reasonably worth $1000 at the time of the sale and $1500 at this time. That said tract had been regularly rendered for taxes and taxes paid for many years prior to and including 1895 by his agent Eggleston, at Austin, who died in 1895, whose partner Goldbeck, after the rendition for that year, neglected to pay such taxes, of which, residing in New York, plaintiff was totally ignorant, also ignorant of said tax suit. That the judgment was irregular and voidable as to him because he was not served with citation and no attorney appointed to represent him and no statement of facts filed in the cause, and the purchase by Bonnowsky should be set aside because it was made for a grossly inadequate consideration and plaintiff had no notice, nor was he given any notice of the sale, or that his land had been levied on by the State for the purpose of sale; that Bonnowsky had full knowledge and notice of plaintiff's ownership of the land and of its rendition in his name and payment of taxes by him, and that he had the land inclosed in his pasture, and that for some years prior thereto leased the land from plaintiff through his agents aforesaid and was estopped to deny his landlord's title.

That the foregoing facts and circumstances under which Bonnowsky purchased the land, together with the grossly inadequate price, were sufficient to put him on inquiry and notice of the irregularities in procuring the judgment and in said sheriff's sale. That plaintiff has repeatedly tendered to him the amount of his bid, $25.70, and now brings and tenders the same. That he is a nonresident and had no knowledge of the proceedings and of said sale until shortly before the institution of this suit, and immediately upon learning the same he instituted proceedings. He prayed that the sale be declared void and canceled, and that he have judgment for the title and possession and damages, costs, etc.

There was a general demurrer, and special exceptions. The judgment recites that defendant's exceptions were sustained, "and that those parts of the petition to which the exceptions were made and sustained be stricken out and that the cause stand for trial upon the petition as a petition in trespass to try title." The parts of the petition to which

the exceptions were directed consisted of the averment that no attorney had been appointed to represent the absent defendant at the trial; the averment that no statement of the evidence had been prepared and filed by the judge; the averment that no notice was sent to plaintiff or his attorney of the advertisement of sale; and the averment of estoppel. All these were stricken out, and the order was in effect that the petition otherwise should stand and the case be tried as in trespass to try title.

The matter of estoppel amounts to nothing. Bonnowsky is not denying his landlord's title. Nor was there any duty resting upon him to protect plaintiff from the sale of this land under judgments, even if we construe the petition as alleging that he was plaintiff's tenant at the time of the sale. It was open for him to bid at the sale, as well as anyone else.

The fact that no statement of the evidence was filed by the judge in the cause in which the judgment was rendered did not affect its validity. In our opinion it gave cause for reversal upon appeal or writ of error or bill of review only. Buse v. Bartlett, 1 Texas Civ. App., 335; Byrnes v. Sampson, 74 Texas 84; Davis v. Davis, 24 Texas, 190; Thomas v. Jones, 41 Texas, 265.

The fact that no attorney was appointed is error of a similar nature. This requirement of the statute was not a part of the service,—that had already been obtained. Jurisdiction over the defendant in so far as the right to foreclose the lien was concerned was already had. The appointment of an attorney was no more indispensable than the filing of a statement of the evidence; both these requirements are prescribed by the same article (article 1346, Sayles' Revised Statutes), and relate to the mode of trial and affect the procedure only. A failure to comply with either of these requirements would be available on appeal, but not in any other proceeding. Thomas v. Mahone, 72 Ky., 111.

This we understand is the settled rule in this State where minors are defendants, the statute in such cases being the same. Alston v. Emmerson, 83 Texas, 237.

The failure of the sheriff to notify the defendant in the judgment or his attorney can have no effect in this case. There was no attorney of record and the defendant's residence appears to have been unknown.

We think we have upon the averments of the amended petition no fact alleged showing a single circumstance which, taken with the gross inadequacy of the consideration, would require in equity that the sale be set aside. Inadequacy alone is not sufficient.

The court did not err in disregarding the several special matters pleaded by plaintiff to set aside the sale. Plaintiff showed title. Defendant put in evidence the foreclosure decree and the sheriff's deed, but not the order of sale. It is now insisted by appellant that we should reverse and render judgment for him upon this condition of the statement of facts. The allegation in plaintiff's petition of the order of sale was not one of the parts actually stricken out by the court. It was not mentioned in the exceptions, and the order is that it strike out only

those parts to which the exceptions were made.   There was no amendment of the pleading, and the allegations of the decree, the order of sale, and the sheriff's deed, were all allowed to remain in the pleading.   Under these circumstances there was no necessity for defendant to prove the order of sale.   It was not necessary that an allegation in plaintiff's pleading should be offered in evidence to be considered against him.

Since writing the above opinion, the court certified to the Supreme Court one of the questions involved, which has been answered consistently with the opinion.   See 95 Texas, 449.

*Affirmed.*

Writ of error refused.