PECK v. MORGAN et al.

(Court of Civil Appeals of Texas. San Antonio. April 23, 1913. On Motion for Rehearing, May 21, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS.

Where the statement under an assignment of error does not clearly show the matter referred to, the assignment cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REFERENCE TO MOTION FOR NEW TRIAL.

An assignment of error which does not refer to the portion of the motion for new trial in which the error is complained of cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

3. SALES (§ 38*)—FRAUDULENT MISREPRESENTATIONS.

Where a buyer of furniture bought after inspection, misstatements by the seller as to the cost of such furniture could not avoid the sale; the buyer having an opportunity to ascertain the true cost by a little diligence.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 65–77, 85; Dec. Dig. § 38.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

4. APPEAL AND ERROR (§ 204*)—OBJECTIONS IN LOWER COURT—SECONDARY EVIDENCE.

Where, in an action on a note, defendant permits secondary evidence of its contents without objection, and there is no issue as to the existence of the note, and the note is not introduced in evidence, defendant cannot complain that there is nothing on which to base the judgment against him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1258–1272, 1274–1278, 1280, 1569; Dec. Dig. § 204.*]

5. APPEAL AND ERROR (§ 302*)—OBJECTIONS—MOTION FOR NEW TRIAL.

Where, in an action on a note, defendant did not, in the motion for new trial, attempt to raise any issue as to the attorney's fees therein provided, except that the note was not introduced in evidence, no other objection can be heard in the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 1744–1752; Dec.Dig. § 302.*]

6. CONTRACTS (§ 278*)—BREACH.

One who breaches his contract cannot complain of a subsequent breach by the other party.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1207–1213; Dec. Dig. § 278.*]

7. HUSBAND AND WIFE (§ 93*)—SALE OF FURNITURE—DEFENSE OF COVERTURE.

A woman conducting her own business, buying furniture with her separate property, at a time when she was permanently separated from her husband, and only two months before she was divorced from him, and who ratified the sale after divorce by payments thereon, cannot rely on coverture to defeat the sale.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 369; Dec. Dig. § 93.*]

8. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITION.

Where the proposition under an assignment of error to remarks of the judge does not contain the remarks, the assignment cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

9. HUSBAND AND WIFE (§ 232*)—CONTRACTS OF WIFE—EVIDENCE—DECREE FOR DIVORCE.

In an action on a note, in which defendant relied on coverture, a decree of divorce is admissible in evidence to show that she was a feme sole at the time of the suit, and had ratified the contract made while she was a feme covert.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 844–848, 981; Dec. Dig. § 232.*]

10. TRIAL (§ 260*) — REQUEST FOR INSTRUCTIONS.

A refusal to submit a requested issue is not error where the same issue was fully submitted by the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

11. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—STATEMENTS.

Assignments of error not followed by statements will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

On Motion for Rehearing.

12. APPEAL AND ERROR (§ 763*)—BRIEFS—SUPPLEMENTAL BRIEFS.

There is no authority for filing a supplemental brief after the original brief has been assailed for failure to comply with the rules, so as to correct the errors in the original.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3098; Dec. Dig. § 763.*]

13. APPEAL AND ERROR (§ 748*) — ASSIGNMENTS OF ERROR—CURE BY SUPPLEMENTAL BRIEF.

Assignments of error are not open to amendment in the appellate court, and hence cannot be cured by a supplemental brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3058–3064; Dec. Dig. § 748.*]

14. COURTS (§ 85*)—COURT RULES—ENFORCEMENT.

The Court of Civil Appeals will enforce the Supreme Court rules, if they are not in conflict with the statutes.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 294, 296–301; Dec. Dig. § 85.*]

Appeal from District Court, Bexar County; Claude V. Birkhead, Judge.

Action by W. M. Morgan and others against F. M. Peck and another. From a judgment for plaintiffs, F. M. Peck appeals. Affirmed.

C. A. Keller, of San Antonio, for appellant. McFarland & Lewright and T. H. Ridgeway, all of San Antonio, for appellees.

FLY, C. J. W. M. Morgan sued F. M. Peck and J. A. Peck for a balance on a promissory note executed by them to him for $3,000, and the foreclosure of a chattel mortgage on certain furniture. Stowers Furniture Company intervened in the suit, claiming to have a mortgage on the furniture to secure a part of the purchase price of the furniture due to them by Morgan. J. A. Peck did not answer, but F. M. Peck answered by pleas of coverture and the breach of certain warranties made by Morgan as to the cost of the furniture. The court submitted the cause on special issues, but paid but little regard to the answers of the jury in rendering judgment in favor of Morgan against F. M. Peck for $2,522.47, and a foreclosure, and against Morgan in favor of Stowers Furniture Company for $1,396.50. The cause was dismissed as to J. A. Peck, and this appeal is perfected by F. M. Peck alone. The evidence shows that appellant bought the goods, after examining them, and agreed to pay for them the amount claimed by Morgan.

[1-3] The first assignment of error is as follows: "The court erred in rendering a judgment non obstante veredicto, after submitting the matter to the jury and receiving a verdict thereon." The assignment is not followed by a statement that casts any light on the matter complained of. What were the two special issues spoken of in the purported statement, and what were the answers to them? There is nothing in the statement that shows. Reference to the transcript is not sufficient, as has been held many times. The second, third, fourth, and fifth assignments of error are open to the same criticism; in fact, they refer to the first assignment for a statement. Neither of the assignments of error refers to the motion for new trial, a clear violation of rules 24 and 25 of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the Courts of Civil Appeals (142 S. W. xii). The failure to make a succinct and clear statement considering the matter referred to, taken with the failure to refer to the portion of the motion for new trial in which the error is complained of, is such a serious violation of the rules that the assignments of error will not be considered. It may be said in connection with them, however, that the evidence of appellant offered no defense to the action of Morgan. There was no warranty of the furniture, and the representation, if made, that the furniture had cost a certain sum, although untrue, would not be sufficient to set aside the sale. Appellant could have ascertained the facts as to the cost of the furniture by a little diligence. She stated that she knew the value of furniture, and she did not swear that the furniture was not worth what she paid for it. She made no objection to the furniture nor objected to paying for it over a year after she began using it. There was no representation as to value, but merely, according to appellant, as to what the furniture cost Morgan. Bigelow on Fraud, p. 490 et seq. Mrs. Peck saw and examined the property, or could have examined it, before she bought it, and she should not have relied on Morgan's representation as to what the original cost of the property may have been. Chrysler v. Canaday, 90 N. Y. 272, 43 Am. Rep. 166.

[4, 5] The sixth, seventh, eighth, and ninth assignments of error complain that the note sued on was not introduced in evidence, and therefore there was nothing upon which to base the judgment. Appellant in her answer admitted the sale of the property to her and the purchase price, that $2,000 in cash was paid, and "the execution by defendants of one certain promissory note as described in plaintiff's petition." The note is fully described in the petition. The evidence clearly showed the payments made on the note, and Morgan swore that he was the owner of the note. The note is fully described in a bill of sale to the property made by Morgan to F. M. Peck. There was no issue as to the existence of the note, and no objection was made to the evidence tending to show the contents of the note. Brown v. Lessing, 70 Tex. 544, 7 S. W. 783; Howard v. Britton, 71 Tex. 286, 9 S. W. 73; Mensing v. Cardwell, 33 Tex. Civ. App. 16, 75 S. W. 347; Long v. Garnett, 59 Tex. 229. Appellant did not deny that Morgan was the legal owner and holder of the note, and swore that he was the owner. The petition alleged that the note bore 8 per cent. interest and 10 per cent. attorney's fees, and appellant in her answer admitted it. Appellant did not in the motion for new trial attempt to raise any issue as to the attorney's fees, except that the note was not introduced in evidence, and no other objection can be heard in this court.

[6] Appellant, having breached the contract, is in no position to complain of a breach by appellee, Morgan. Appellant did not cease paying on account of the failure of Morgan to pay over the money to interveners. She knew nothing about such failure, and swore that she breached the contract because she ascertained that Morgan charged her more for the furniture than it cost him. She will not be permitted to shift her position after a breach of the contract.

[7] Appellant cannot evade her responsibility on the contract on the ground of coverture. She was not living with her husband at the time she bought the furniture, and two months afterwards obtained a divorce from him, and the property in question was declared to be her separate property. She had left her husband in February, 1910, and had for nine years been in business for herself, and conducted the business with her own money. Ullmann v. Jasper, 70 Tex. 446, 7 S. W. 763. She bought the furniture with her separate property, and after she was divorced she continued to make payments on the furniture. Finks v. Thompson, 11 Tex. Civ. App. 538, 32 S. W. 711. She and her erstwhile husband had permanently separated at the time of the purchase of the property, and she ratified the purchase by her acts after she became a feme sole, and she still occupied that status when the judgment was rendered against her.

[8, 9] The twelfth assignment of error is overruled. In the proposition thereunder remarks made by the judge seem to be the subject of complaint, but no indication is given as to what the remarks were. The same is true of the thirteenth and fourteenth assignments of error; the statements under them failing to show what was contained in the statement of facts and decree of which complaint is made. We are unable to ascertain whether the evidence could have injured appellants. If reference is made to the decree of divorce, it was properly admitted to show that appellant was a feme sole, and had ratified the contract made while she was a feme covert.

The fifteenth assignment of error is not followed by such a statement as would indicate any error in the refusal of the court to allow appellant' to prepare an application for continuance after they had announced ready for trial.

[10] The refusal to submit the issue requested by appellant was not error. The same issue was fully submitted by the court, and there was no necessity for repeating it.

[11] Assignments of error from the seventeenth to the forty-sixth, inclusive, are not followed by statements, and are overruled.

The judgment is affirmed.

## On Motion for Rehearing.

[12-14] A typewritten paper, styled "Supplemental Brief of Appellant F. M. Peck," was

filed in this court on the day before the cause was submitted, and after the brief had been assailed by appellee on the ground of its failure to comply with the rules. We know of no authority for filing any such document, and, if such procedure is tolerated, amendments to cover disregard of the rules would cure every delinquency in briefing a case, and the appellee be deprived of any benefit derived from such delinquency. However, this court was aware of the presence among the papers of the "supplemental brief," but was of the opinion that it did not cure defects in assignments of error, which have never been held open to amendments in appellate courts. If the assignments of error do not "refer to that portion of the motion for a new trial in which the error is complained of," it would seem clear that a "supplemental brief" could not supply the omission. That document amounts to nothing but a statement that the matters mentioned in the different assignments were called to the attention of the trial court in the motion for new trial. The Constitution gives authority to the Supreme Court to formulate rules for the government of the different courts of Texas, and in pursuance of that authority the rules have been adopted. With their wisdom and propriety we have nothing to do, but if they are not in conflict with the statutes, it is our duty to enforce them. With the expense of complying with them this court has nothing to do; but, in spite of the contention of appellant as to the expense connected with a compliance with them, we are constrained to the belief that compliance with the rules in the end will be less expensive than to ignore them.

Appellant fails to grasp the opinion of this court as to the note not being offered in evidence, but seems to think that the court held that it was offered in evidence. On the other hand, it was held that it was not necessary under the facts of this case to introduce the note in evidence, and ample authority was cited to sustain the proposition. There was no denial of the execution of the note mentioned in the petition which described it as "providing that in the default in the payment of said note at maturity, and same is placed in the hands of an attorney for collection after maturity, then the signer did agree to pay an additional ten per cent. of the principal and interest then due as attorney's fees." Mrs. Peck made no denial of that allegation, but admitted "the execution by defendants of one certain promissory note as described in plaintiff's petition," which rendered unnecessary putting the note in evidence. Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471; Crosby v. Bonnowsky, 29 Tex. Civ. App. 455, 69 S. W. 212.

The motion for rehearing is overruled.