STEED v. WREN & BERRY. (No. 1160.)

(Court of Civil Appeals of Texas. Amarillo. April 25, 1917.)

1. EVIDENCE ⬖594—UNCONTROVERTED EVIDENCE.
Where the only evidence offered by plaintiff on a material issue was the unimpeached testimony of defendant, which was directly opposed to plaintiff's contention, judgment for plaintiff was improper, since plaintiff, having called defendant as a witness, could not insist he was unworthy of belief.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431.]

2. EXECUTION ⬖194(1) — CLAIM BY THIRD PERSON—BURDEN OF PROOF.
Where a third person claimed liquors levied on, and defendant testified that they belonged to claimant, plaintiff had the burden of proving that property levied on belonged to defendant.
[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 571, 572.]

3. EXECUTION ⬖196—CLAIM BY THIRD PERSON—QUESTION FOR JURY—OWNERSHIP.
Where a third person claimed liquors levied on, the question of ownership, being made one of fact by Vernon's Sayles' Ann. Civ. St. 1914, art. 7785, was for the jury.
[Ed. Note.—For other cases, see Execution, Cent. Dig. § 576.]

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by Wren & Berry against Julius Kuehn. Judgment for plaintiff, and upon levy of attachment, I. H. Steed claimed title and, upon issues joined, plaintiff had judgment, and claimant appeals. Reversed and remanded.

Nelson & Hunter, of Wichita Falls, for appellant. Weeks & Weeks, of Wichita Falls, for appellees.

HALL, J. Wren & Berry, a firm, recovered a judgment in the county court of Wichita county, April 28, 1915, against Julius Kuehn, in the sum of $550, and on the 18th day of March, 1916, procured the issuance of an execution and directed the sheriff of Wichita county to levy upon a stock of intoxicating liquors, claimed by the appellant Steed, but alleged by appellees to be the property of their debtor, Julius Kuehn. In due time appellant Steed filed a claimant's affidavit and bond and took possession of the liquors. When the issues were made up appellees, among other things, alleged that the ownership of the property in controversy at the time of the levy was in Julius Kuehn, and was therefore subject to their execution, and was not and had never been the property of appellant Steed. Issues having been tendered, the cause came on for trial May 3, 1916, at which time appellees moved the court to require the appellant to assume the burden of proof, to which the appellant objected, and the court, before a jury had been impaneled to try the cause, over the objection of appellant, heard testimony upon the question as to who was in possession of the property at the time of the levy of the execution, and held that the burden of proof was on claimant. The return of the officer upon the writ did not disclose from whose possession the property was taken. Appellant reserved his bill of exception to the action of the court, insisting that it was a question of fact to be determined by the jury.

It is unnecessary to discuss all of the assignments presented in appellant's brief. It

appears from the evidence of appellant that he had purchased the property in controversy with his own funds; had leased 'a building from a Miss Stonecheiper, in which he was conducting a saloon, and that Julius Kuehn was one of his employés. When the court tried the issue as to who had possession of the property when the levy was made, Julius Kuehn was sworn and placed upon the stand by appellees. The substance of his testimony is that appellant owned the property absolutely, and that he (Kuehn) had no interest whatever in it other than as an employé of appellant; that appellant had left the premises about an hour before the sheriff made the levy. The witness further testified that he was working for Steed upon a salary of $25 per week; that the lease contract was in the name of Steed, and that he was the real lessee of the property; that the license was issued to Steed upon a permit granted to Steed, and that all water and light bills were made out against Steed and paid by him out of his funds. After hearing this testimony and without further evidence the court placed the burden of proof upon the appellant.

[1] This court said, in the case of Starkey v. H. O. Wooten Grocery Co., 143 S. W. 692, that where the only evidence offered by plaintiff on a material issue was the unimpeached testimony of defendant, who swore to facts diametrically opposed to plaintiff's contention, a judgment for plaintiff was improper, since plaintiff, having called defendant as a witness, could not insist that he was unworthy of belief, and even if his testimony were eliminated there would be a failure of proof. The facts of this case bring it within the rule announced there. The appellants placed Kuehn upon the stand, and while he was not claiming the property they were bound by his evidence, since there were no facts or circumstances contradicting his statement.

[2, 3] In the absence of any evidence whatever the burden of proof was upon appellees, who were the plaintiffs in the writ and were endeavoring to subject the property to the payment of their debt. This ruling of the court will require a reversal of the judgment. It was purely a question of fact under Vernon's Sayles' Civil Statutes, art. 7785, as to who had the possession of the property. Appellant and Kuehn testified that Kuehn was the agent and employé of appellant, and even though he had actual possession of the property, since he was the agent of Steed the possession was in law that of Steed. This being a question of fact, appellant was entitled to have it submitted to a jury. Hillboldt v. Waugh, 47 S. W. 829; Brown v. Lessing, 70 Tex. 544, 7 S. W. 783. The erroneous ruling of the court in placing the burden upon appellant has prevented a full development of the facts in the case, and other evidence will doubtless be introduced

upon the question of the ownership of the property.

Because of the errors mentioned, the judgment is reversed, and the cause remanded.