## WERTS' HEIRS v. VICK.    (No. 1328.)

(Court of Civil Appeals of Texas. Amarillo. April 3, 1918. Rehearing Denied May 1, 1918.)

1. TAXATION ⬥⇒789(3)—TAX DEED—VALIDITY—BURDEN OF PROOF.

In the absence of evidence showing that prerequisites to valid tax sale were complied with, tax deed thereunder was a nullity.

2. LANDLORD AND TENANT ⬥⇒66(2)—ADVERSE POSSESSION—NECESSITY OF NOTICE OF REPUDIATION.

The possession of a tenant is the possession of the landlord, and possession acquired under tenancy cannot be said to be adverse, in support of limitations, until such time as it is shown that the landlord had notice of the repudiation of the tenancy and adverse claim of his tenant.

3. LANDLORD AND TENANT ⬥⇒66(2)—ADVERSE POSSESSION BY TENANT—NOTICE OF CLAIM.

Since a landowner need not constantly examine records to guard against instruments affecting his title, he is not to be charged with notice of registration of hostile deed to his tenant, where his possession is not disturbed.

4. LANDLORD AND TENANT ⬥⇒64 — ADVERSE POSSESSION — ESTOPPEL — TENANT'S ASSIGNEES.

One entering possession under the tenant or lessee occupies the same position as the original tenant and lessee, and is equally estopped to deny that the possession thus acquired is that of the landlord.

5. LANDLORD AND TENANT ⬥⇒34(5) — FORFEITURE—ADVERSE CLAIMS.

Repudiation by tenant by institution of action in trespass to try title to the land forfeits his right to claim further under the lease.

Appeal from District Court, Young County; Wm. N. Bonner, Judge.

Suit by D. G. Vick against the heirs of Jacob Werts, wherein defendants filed a cross-complaint. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Kay & Akin, of Wichita Falls, for appellants. Arnold & Arnold, of Graham, and Kimbrough, Underwood & Jackson, of Amarillo, for appellee.

BOYCE, J. This suit involves the title to 160 acres of land in Young county. The appellants own the superior record title, and the appellee claims by limitation. The land was patented to Jacob Werts, and the appellants are his heirs. On September 1, 1880, by a written lease, duly recorded, Jacob Werts, in consideration of $250 paid, leased the land in controversy for the period of 50 years to J. H. Carter, through whom appellee claims. In 1881 the said J. H. Carter bought the land at sale for taxes, and the sheriff and tax collector executed and delivered tax deed therefor, which was duly recorded. In 1883 Carter executed quitclaim deed to the land to J. S. Timmons, who in 1911 conveyed it by general warranty deed to other parties. The land thereafter passed through several successive grantees by warranty deeds, being ultimately conveyed by such deed to appellee, D. G. Vick, in the year of 1915. The conveyances referred to were duly recorded at the time of their execution. The case was tried upon an agreed statement, and it was agreed, in addition to the facts already stated:

"That D. G. Vick has title to said land by limitation, unless such limitation title is defeated by the lease above mentioned from Werts to Carter. * * * That neither said Vick nor those under whom he claims have ever given to Jacob Werts, or his said heirs, any actual notice that the relation of landlord and tenant was repudiated; the recording of adverse deeds and open possession thereunder being the only repudiation of such relationshp."

Appellee, Vick, brought this suit against the unknown heirs of Jacob Werts in the form of trespass to try title, and also set up title by limitation under the 5 and 10 year statute. The appellees appeared, pleaded not guilty, and by a cross-action, in form of trespass to try title, prayed for judgment for the land.

[1-3] It was not shown or claimed that the tax deed taken by Carter conveyed the title; no evidence being offered to show that the prerequisites to a valid sale had been complied with. Such deed was therefore a nullity, and conveyed no more right than would have been acquired by a deed from a stranger to the title. Appellee, however, relies upon the taking and record of the deed as a repudiation, and notice thereof to the landlord, Werts, of the tenancy, and thus starting limitation to run. It is the law familiar to all that the possession of the tenant is the possession of the landlord, and possession acquired under tenancy cannot be said to be adverse in support of limitations until such time as it is shown that the landlord had notice of the repudiation of the tenancy and adverse claim of his tenant. It was held in the case of Udell v. Peak, 70 Tex. 547, 7 S. W. 788, that notice to the landlord of a deed taken by a tenant in hostility to the title of his landlord will not be imputed from the mere record thereof, if he did not in fact know of it, and that the court should have instructed the jury in that case that the recording of the deed would not be evidence of an adverse holding or the repudiation of the tenancy. The reasoning on which this conclusion was reached is sound, and the conclusion itself is conducive to the enforcement of the right and prevention of wrong.

The registration of a deed does not have the broad effect of notice contended for by appellee, and as might be inferred from the literal construction of the provisions of article 6842, R. S. It has been frequently announced that the purpose of the registration law was to protect those subsequently dealing with the land and the record of a deed is notice only to those claiming under the grantor. White v. McGregor, 92 Tex. 556, 50 S. W. 564, 71 Am. St. Rep. 875. The owner of the land is not required to constantly examine the records, to ascertain whether some one has placed of record some instrument affecting his title. If possession of the land is disturbed, he is bound by notice of such fact, and by virtue of the limitation statutes may then be said to be affected with notice of the claim evidenced by the deed under which the possession was taken. But Werts' possession of the land was not disturbed, and on principle he is not to be charged with notice of the fact of the registration of a hostile deed to his tenant. The case of Udell v. Peak, supra, was referred to with approval in the case of Bryson v. Boyce, 41 Tex. Civ. App. 415, 92 S. W. 820, where the adverse possession of the tenant was attempted to be supported by the purchase of the land under a tax deed during the tenancy. See, also, Hintze v. Krabbenschmidt, 44 S. W. 39; Reichstetter v. Reese, 39 S. W. 596. The evidence, therefore, fails to show that limitation began to run in favor of the original lessee, Carter, by reason of his record of the tax deed. The distinction between this case and that of Crosby v. Bonnowsky, 29 Tex. Civ. App. 455, 69 S. W. 212, is that in said case the tax sale itself conveyed a good title, and was not merely relied upon to support a title by limitations, as in this case.

[4] It is also, we think, rightly settled that all entering possession under the tenant or lessee occupy the same position as the original tenant and lessee, and are equally estopped to deny that the possession thus acquired is that of the landlord. Cobb v. Robertson, 99 Tex. 138, 86 S. W. 748, 87 S. W. 1148, 122 Am. St. Rep. 609; Richardson v. Houston Oil Co., 176 S. W. 628; Buford v. Wasson, 49 Tex. Civ. App. 454, 109 S. W. 275. It makes no difference that such possession is taken under a warranty deed from the tenant conveying the property absolutely. Reichstetter v. Reese, supra; Tiffany on Landlord & Tenant, vol. 1, p. 486; Underhill

on Landlord & Tenant, § 564; Jones on Landlord & Tenant, § 699; Phillips v. Rothwell, 4 Bibb. (7 Ky.) 33; Emerick v. Tavener, 9 Grat. (Va.) 220, 58 Am. Dec. 217; Rose v. Davis, 11 Cal. 133; McLennan v. Grant, 8 Wash. 603, 36 Pac. 682. Appellee, Vick, therefore, is in no better position than Carter, the original lessee, would have been, and since it was agreed that no notice of the repudiation of the tenancy, other than the recording of the various deeds of conveyance above referred to, was given to the landlord, we conclude that no adverse possession sufficient to support limitations is shown.

[5] The possession of the appellee and that of his vendors is to be regarded as possession of the landlord until the repudiation by the institution of this suit. This repudiation forfeits the right of appellee to claim further under the lease. Reese v. Swartz, 187 S. W. 245; Wildey Lodge v. City of Paris, 31 Tex. Civ. App. 632, 73 S. W. 69.

Under the agreed facts in this case, we think that appellants are entitled to judgment, and we therefore reverse the judgment of the court below, and here render judgment in their favor.

HALL, J., not sitting.