**Bernardo VILLEGAS, Jr., Appellant,**

v.

**SHANE–MICHAEL OPTICAL COMPANY,
a corporation, Appellee.**

No. 6028.

Court of Civil Appeals of Texas.

El Paso.

June 18, 1969.

Rehearing Denied July 16, 1969.

Gade & Schwarzbach, Thor Gade, El Paso, for appellant.

Malcolm McGregor, Norman N. Rosen, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

Appellee, Shane-Michael Optical Company, brought this suit against appellant, Bernardo Villegas, Jr., individually and doing business as Inter-American Optics Investments, for debt. The action was in the nature of a verified account. Judgment was for the appellee-plaintiff in the sum of $4,173.58 for its debt, $417.35 interest, and $1,250.00 attorney's fees, and costs. We are of the opinion that the judgment must be reversed.

Service in this case was by publication, and no appearance was made by the defendant-appellant, nor answer filed prior to rendition of judgment. Appellant, by its first and second points of error, urges that the court erred in failing to appoint an attorney ad litem to represent him and in failing to file a statement of evidence. We think these points must be sustained, as it is undisputed that the applicable Texas Rule of Civil Procedure was not complied with in this regard.

"Rule 244. On Service by Publication

"Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant, and judgment shall be rendered as in other cases; but, in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof. The court shall allow such attorney a reasonable fee for his services, to be taxed as a part of the costs."

Rule 244 is derived from Vernon's Annotated Civil Statutes, article 2158, with minor textual change, so that the cases construing article 2158 are decisive of the construction to be given Rule 244. We have been cited to no cases, and diligent research has found none, construing the Rule, but the construction of article 2158 has been that it is mandatory, and a failure of the court to comply with its provisions is reversible error. Jeter v. Jeter, Tex.Civ.App., 281 S. W. 598 (citing Byrnes v. Sampson, 74 Tex. 79, 11 S.W. 1073; McLane v. Kirby, 54

Tex.Civ.App. 113, 116 S.W. 118). In the cited case of Byrnes v. Sampson, the Commission of Appeals, in an opinion adopted by the Supreme Court, said:

" * * * That in suits of this character, where the service is by publication, there must be a strict compliance with every essential requirement of the statute has been repeatedly decided in this state. Allen v. Wyser, 29 Tex. 150, 153; Edrington v. Allsbrooks, 21 Tex. 186, 188; Doty v. Moore, 16 Tex. 591, 592; Hill v. Faison, 27 Tex. 428, 431."

The court then reversed the case for failure of the trial court to appoint an attorney ad litem and to file a statement of evidence. McLane v. Kirby was a suit for a real estate commission, with a writ of attachment, and citation by publication. No statement of the evidence was filed, and the court attempted to cure the error by a nunc pro tunc order for its filing after the defendant had appeared and applied for writ of error. After disallowing the nunc pro tunc action, the appellate court posed the question: "What then, was the effect of the failure to file such statement?" The court then answered its question by holding that it did not render the judgment void, but that it was an essential matter of procedure which furnished cause or ground for reversal of the case. Cited as authority for such holding was Byrne v. Sampson (supra); Thomas v. Jones, 41 Tex. 265; Buse v. Bartlett, et al., 1 Tex.Civ.App. 335, 21 S.W. 52; Crosby v. Bonnowsky, 29 Tex. Civ.App. 455, 69 S.W. 212; Garvey v. State (Tex.Civ.App.), 88 S.W. 873. The case was reversed. We sustain appellant's points of error numbers One and Two and hold that the trial court erred in not appointing an attorney ad litem and in failing to file a statement of the evidence as provided by Rule 244, T.R.C.P. In reaching this conclusion, we overrule the contention of appellee that such points of error were not preserved because not included in the motion for new trial. Appellant was not required to file a motion for new trial, as this was a judgment rendered by the court without a jury, and having done so, he is not bound thereby and is not confined to the errors assigned therein. Carborundum Company v. Keese, Tex.Civ.App., 313 S.W. 2d 332 (ref. n. r. e.); Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101.

Having found that Points One and Two present reversible error, we will not discuss the other assignments of error.

The judgment of the trial court is reversed and the cause remanded for a new trial.