### NOBLE STATE BANK *v.* HASKELL.

MOTION FOR LEAVE TO FILE PETITION FOR REHEARING.

No. 71.   Submitted January 27, 1911.—Decided February 20, 1911.

Motion for leave to file petition for rehearing in *Noble State Bank* v. *Haskell, ante,* p. 104, denied.

Even where powerful arguments can be made against the wisdom of legislation this court can say nothing, as it is not concerned therewith.

Among the public uses for which private property may be taken are some which, if looked at only in their immediate aspect according to the approximate effect of the taking, may seem to be private. *Clark* v. *Nash,* 198 U. S. 361; *Strickley* v. *Highland Boy Mining Co.,* 200 U. S. 527.

Payments required by a bank guarantee statute which can be avoided by going out of the banking business, and are required only as a condition for keeping on in such business from corporations created by the State, do not amount to a taking of private property without compensation or a deprivation of property without due process of law; and so *held* as to the Oklahoma Bank Guarantee statute heretofore sustained as to its constitutionality, *ante,* p. 104.

The facts are stated in the opinion.

*Mr. C. B. Ames* for plaintiff in error:

Counsel hardly presumes to expect this court to reconsider a conclusion reached by unanimous agreement, but respectfully suggests that the opinion is based on an

erroneous assumption of fact and on a principle of law not supported by former decisions.

The erroneous assumption of fact is that the property taken by the law under consideration is a comparatively insignificant portion of the bank's capital.

The principle of law referred to is that a portion of the bank's property may be taken without return to pay debts of a failing rival in business.

While the amount of the particular assessment involved in this case is small when considered alone, it is large when considered as a percentage of the bank's capital stock, amounting to 3.30/100 per cent, and if this law is valid, then, of course, similar laws might be passed applicable to all state and national banks. Two per cent of the deposits in the United States would be over $280,000,000 which is more than fifteen per cent of the total capital stock.

Even if two per cent may never be levied, still the law permits the levy. A law which takes eight per cent of the aggregate capital of all the banks as a preliminary step towards creating a guaranty fund, which authorizes an annual taking thereafter of fifteen per cent, which, when applied to aggregates, mounts up into the hundreds of millions of dollars, cannot be justified as the taking of a comparatively insignificant portion of the bank's property.

As to the bank's reversionary interest in the unused portion of the fund, the last message of the Governor of Oklahoma shows an average loss of approximately two per cent per annum on the entire capital and surplus as of November 10, 1910.

This law not only takes from the banks this enormous sum of money, but it takes from the banker the value of his reputation and reduces all bankers, good, bad and indifferent, to the same level.

The fact that the average annual losses of our national banks has been only a small per cent of their deposits is

no argument that the same condition would prevail under a guarantee law. See addresses delivered by J. W. McNeal before American Bankers' Association, and by Daniel W. Hogan before the Nebraska State Bankers' Association in September, 1908. They illustrate that the conclusion of law that a portion of the bank's property may be taken without return to pay debts of a failing rival in business is unsupported by authority. In *Clark* v. *Nash*, 198 U. S. 361; *Strickley* v. *Highland Boy Mining Co.*, 200 U. S. 527, 531; *Offield* v. *New York, N. H. & H. R. R. Co.*, 203 U. S. 372; and *Bacon* v. *Walker*, 204 U. S. 311, 315, the basis in each case was that the property was taken for public use. As to *Bacon* v. *Walker* see *Sweet* v. *Valentine*, 8 Idaho, 431.

When property is taken for public use the compensation must be in money and not in some so-called general benefit. Lewis on Em. Dom., 3d ed., §§ 502–505.

The legislature is the exclusive judge of the existence of an emergency and when one is declared it is binding on the courts, *Oklahoma City* v. *Shields*, 22 Oklahoma, 265; *S. C.*, 100 Pac. Rep. 559; *In re Menefee*, 22 Oklahoma, 365; 97 Pac. Rep. 1014; but the doctrine laid down in the opinion substitutes public opinion for the constitution. Public opinion can only be ascertained from the will of the people as declared by the legislature, and, therefore, the decision substitutes the act of the legislature for the constitution. *C., B. & Q. R. R. Co.* v. *Illinois*, 200 U. S. 341.

The legal objection to such a law would be that it takes private property for private use. The practical objection would be that it discourages careful scrutiny in taking checks, and encourages reckless and incompetent business.

Putting the cost of an examination upon the bank does not take its property for a private use because the fee charged goes to the public officers of the State and is for a public use.

The opinion is in direct conflict with the entire range of decisions holding that state action imposing a railroad

rate too low to furnish return on the investment is unconstitutional as a taking of private property for private use. *Munn* v. *Illinois,* 94 U. S. 113.

There is a twilight zone separating public use from private use and within this zone the line of division is irregular and here it is that the courts differ from each other in the application of the principle, but the difficulty heretofore has been in determining whether the use was public or private.

When it has once been determined that the property is being taken for a private use that has heretofore been regarded as the complete settlement of the controversy. *L. & N. R. R. Co.* v. *Central Stock Yards Co.,* 212 U. S. 132; *Missouri Pacific R. R. Co.* v. *Nebraska,* 217 U. S. 196.

Private property cannot be taken for private use, and if taken for public use, there must be compensation. *Missouri Pacific R. R. Co.* v. *Nebraska,* 164 U. S. 403; *Wilkinson* v. *Leland,* 2 Pet. 626, 658; *Boyd* v. *United States,* 116 U. S. 616, 635; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Lawton* v. *Steele,* 152 U. S. 133, 137; *Cole* v. *City of LaGrange,* 113 U. S. 1; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540, 558; *C., B. & Q. R. R. Co.* v. *Chicago,* 166 U. S. 226; *Muhlker* v. *N. Y., N. H. & H. R. R. Co.,* 197 U. S. 544; *C., B. & Q. R. R. Co.* v. *Illinois,* 200 U. S. 561.

Private property cannot be taken for private use under the taxing power. 8 Rose's Notes, 362; *Missouri &c. Ry. Co.* v. *Nebraska,* 164 U. S. 417; *Garland* v. *Board of Revenue,* 87 Alabama, 227; *McClelland* v. *State,* 138 Indiana, 332. *Osawakee* v. *Township,* 14 Kansas, 420, 428; *Blain* v. *Agricultural Society,* 21 Kansas, 560; *Atchison &c. R. R. Co.* v. *Atchison,* 47 Kansas, 714; *Geneseo* v. *Gas Co.,* 55 Kansas, 362; *Lancaster* v. *Clayton,* 86 Kentucky, 380; *Baltimore &c. R. R. Co.* v. *Spring,* 80 Maryland, 517; *Kingman* v. *Brockton,* 153 Massachusetts, 259; *Opinion of Justices,* 155 Massachusetts, 601; *State* v. *Foley,* 30 Minne-

sota, 356; *Deal* v. *Mississippi Co.*, 107 Missouri, 469; *State* v. *Switzler*, 143 Missouri, 314; *Manning* v. *Kippel*, 9 Oregon, 370; *Feldman* v. *City Council*, 23 S. Car. 63; *Maudlin* v. *City Council*, 53 S. Car. 293; *Williams* v. *Davidson*, 43 Texas, 37; *Brooke Academy* v. *George*, 14 W. Va. 420; *Pittsburgh &c. R. R. Co.* v. *Iron Works*, 31 W. Va. 734; *Keeley Institute* v. *Milwaukee County*, 95 Wisconsin, 161; *State* v. *Sargent*, 12 Mo. App. 228. See also 2 Kent, 329; *I. & N. R. R. Co.* v. *Baldwin*, 5 So. Rep. 311; *Sadlin* v. *Langham*, 34 Alabama, 311, 330; *Billings* v. *Hall*, 7 California, 1, 10; *Enfield T. B. Co.* v. *Hartford R. R. Co.*, 42 Am. Dec. 716, 727; *Great Western Gas Co.* v. *Hawkins*, 30 Ind. App. 566; *Blockman* v. *Holms*, 72 Indiana, 515; *Banshead* v. *Brown*, 25 Iowa, 540; *Harding* v. *Funk*, 8 Kansas, 315, 323; *Bank of Louisville* v. *Board of Trustees*, 5 S. W. Rep. 735, 737; *Allen* v. *Inhabitants of Jay*, 11 Am. Rep. 185; *Regents* v. *Williams*, 31 Am. Dec. 72, 97; *Lowell* v. *Boston*, 15 Am. Rep. 39, 56; *Michigan Sugar Co.* v. *Auditor General*, 83 Am. St. Rep. 354, 357; *Coates* v. *Campbell*, 35 N. W. Rep. 366; *State* v. *Washington Co.*, 15 N. W. Rep. 375, 379; *Moody* v. *Hoskins*, 1 So. Rep. 622; *Newby* v. *Platte County*, 25 Missouri, 258, 261; *Dickey* v. *Tennison*, 27 Missouri, 373; *A. & N. R. R. Co.* v. *Baty*, 29 Am. Rep. 356, 362; *Ten Eyck* v. *D. & R. Canal Co.*, 37 Am. Dec. 233; *Coster* v. *Water Co.*, 18 N. J. Eq. 54, 63; *Taylor* v. *Porter*, 40 Am. Dec. 274; *Bloodgood* v. *Mohawk & H. Ry. Co.*, 31 Am. Dec. 313, 316; *Embury* v. *Conner*, 3 N. Y. 515; *Reeves* v. *The Treasurer*, 8 Ohio St. 333, 347; *Lamb & McKee* v. *Lane*, 4 Ohio St. 167, 178; *Lucas County* v. *Bayles*, 78 N. E. Rep. 955; *Witham* v. *Osburn*, 4 Oregon, 218; *Sharpless* v. *Mayor of Phila.*, 21 Pa. St. 147, 169; *Feldman* v. *Charleston*, 55 Am. Rep. 6, 9; *Harding* v. *Goodlet*, 11 Tennessee, 43; *Clack* v. *White*, 32 Tennessee, 540, 549; *Delworth* v. *State*, 36 S. W. Rep. 274; *State* v. *Froehlich*, 99 Am. St. Rep. 985; *United States* v. *Douglas-William Sartoris Co.*, 22 Pac. Rep. 92, 96.

MR. JUSTICE HOLMES delivered the opinion of the court.

Leave to file an application for rehearing is asked in this case. We see no reason to grant it, but, as the judgment delivered, *ante,* p. 104, seems to have conveyed a wrong impression of the opinion of the court in some details, we add a few words to what was said when the case was decided. We fully understand the practical importance of the question and the very powerful argument that can be made against the wisdom of the legislation, but on that point we have nothing to say, as it is not our concern. *Clark* v. *Nash,* 198 U. S. 361, *Strickley* v. *Highland Boy Mining Co.,* 200 U. S. 527, etc., were cited to establish, not that property might be taken for a private use, but that among the public uses for which it might be taken were some which, if looked at only in their immediate aspect, according to the proximate effect of the taking, might seem to be private. This case, in our opinion, is of that sort. The analysis of the police power, whether correct or not, was intended to indicate an interpretation of what has taken place in the past not to give a new or wider scope to the power. The propositions with regard to it, however, in any form, are rather in the nature of preliminaries. For in this case there is no out and out unconditional taking at all. The payment can be avoided by going out of the banking business, and is required only as a condition for keeping on, from corporations created by the State. We have given what we deem sufficient reasons for holding that such a condition may be imposed.

*Leave to file petition denied.*