SOUTHERN SURETY CO. v. TEXAS CONCRETE PIPE CO. et al.

No. 9844.

Court of Civil Appeals of Texas. Galveston.

April 14, 1933.

Rehearing Denied July 13, 1933.

John F. Battaile and F. R. O. Brown, both of Houston, for appellant.

Baker, Botts, Andrews & Wharton, Sewall Myer, Huggins, Kayser & Liddell, Andrews, Streetman, Logue & Mobley, T. J. Stovall, W. O. Dailey, J. Dixie Smith, Boyles, Brown & Scott, Ross, Wood, Lawler & Wood, and Fouts, Amerman, Patterson & Moore, all of Houston, for appellees.

PLEASANTS, Chief Justice.

This suit was brought by L. R. Kier against the Southern Surety Company, the firm of Allen & O'Rourke, and a number of named creditors of that firm, seeking a determination by the trial court of the proper distribution of $6,551 held by him out of the contract price of a building completed by the general contractors, Allen & O'Rourke, for plaintiff Kier. Allen & O'Rourke were unable to meet their obligations, and claims of materialmen in connection with the contract, at the date of judgment, aggregated $10,678.-74.

By the original petition, various answers, and cross-actions, the following became parties to the suit: Southern Surety Company, appellant, L. R. Kier, Allen & O'Rourke, Pyramid Stone Company, Texas Concrete Pipe Company, Farrar Lumber Company, Mosher Steel Company, Alexander Schroeder Hardwood Company, Southern Art Glass & Mirror Company, Rock Map Company, and Iron Craft Studios, W. R. Reynolds and Kier-Nickels Garage, each of whom by cross-action sought recovery for the amounts claimed by them respectively.

By way of cross-action, Allen & O'Rourke alleged (1) that the appellant, Southern Surety Company, acting through and by its duly authorized agent, Ernest L. Draper, orally agreed to assume the debts of the contractors, Allen & O'Rourke, in consideration of the transfer to the Southern Surety Company of certain real property owned by Allen & O'Rourke; that conveyance of the property was made to Draper as agent and trustee for the surety company; that Draper had full authority for the surety company to make the contract and take title to the property; that thereafter the contractors having fully performed their part of the contract, the debts of the contractors became the primary obligation of the surety company; and that the surety company has failed and refused to pay the same; (2) in the alternative, that if Draper did not have the authority to bind the surety company, nevertheless the contractors believed he had such authority, and acted in reliance thereon; and the surety company, with full knowledge of all the facts concerning said agreement, approved and ratified the same, and since said ratification, as well as before, used and enjoyed the property as its own.

In two other alternatives, allegations are made upon the theory that the surety company accepted the property as trustee for the benefit of the creditors and contractors, and that it failed to carry out its trust.

All of the cross-defendants recovered judgment against Allen & O'Rourke for the amount of their claim. The Pyramid Stone Company, Texas Concrete Pipe Company, and Allen & O'Rourke recovered judgment on their cross-action against the Southern Surety Company. Allen & O'Rourke's judgment against the surety company was in favor of and for the benefit of all the other parties, except L. R. Kier. The Farrar Lumber Company, W. R. Reynolds, Mosher Steel & Machinery Company, and Lone Star Roofing Company (by substitution now Kier-Nickels Garage) also recovered judgment for part of their claim against L. R. Kier for their proportionate amount of the money due by Kier to the contractors.

The case was submitted to the jury upon seven special issues, and upon the jury's verdict judgment was rendered on the cross-actions against the appellant, Southern Surety Company, in favor of Allen & O'Rourke, individually, and for the benefit of their creditors in the respective amounts set forth in the judgment, in the aggregate sum of $10,-678.74.

After the suit reached this court, the Southern Surety Company was placed in the hands of receivers, for liquidation, by the district court of Grayson county, and on motion of the receivers, John T. Suggs and E.

A. Hays, they have been allowed to intervene and prosecute this writ of error in their official capacity.

[] In answer to special issues submitted by the court, the jury found: That at the time of the conveyance by Allen & O'Rourke to Ernest L. Draper, agent, Allen and Draper agreed that in consideration of said transfer, Southern Surety Company would pay the unpaid claims of materialmen; that Draper was authorized by Southern Surety Company to make said agreement; that Southern Surety Company retained the benefits arising out of the agreement made between Allen and Draper at the time of said transfer with full and complete knowledge of said agreement.

Appellant assails these findings of the jury on the ground that none of them is supported by the evidence.

We cannot agree with this contention. The evidence shows that Allen & O'Rourke contracted to build a superservice garage for Kier for $21,150. Southern Surety Company issued in connection therewith an indemnity bond in favor of Kier in the sum of $10,575, indemnifying him against loss or expense due to the failure of the contractor to complete his contract and to pay all labor and material bills. The bond was signed "Southern Surety Company, by Ernest L. Draper, Attorney in Fact."

Upon completion of the job, after payment of several estimates and adjustments for extras and deductions, Kier owed a balance on the contract price of $6,551. The unpaid claims of materialmen aggregated $10,678.74, of which $7,144.58 represented alleged lien claims. Allen & O'Rourke, in order to meet this deficit, conferred with Ernest L. Draper, who represented himself as the agent of the bonding company and who appeared on the ground at this time and industriously engaged himself in interviewing the various creditors, getting statements of their claims, and negotiating with Allen & O'Rourke. In the course of these negotiations, L. W. Allen and Draper called upon an attorney and had prepared an instrument naming Allen & O'Rourke and Southern Surety Company as parties and providing, in substance, that in consideration of the transfer to Southern Surety Company by deeds to Ernest L. Draper, agent, Southern Surety Company agreed to pay all unpaid claims of materialmen on the Kier job, which claims were described and set out therein. On the same date that this instrument was received by Draper and Allen, deeds conveying the Allen & O'Rourke property, in accordance with the terms of said written instrument, were delivered to and recorded by Draper.

However, Draper failed or refused to execute said written instrument without the approval of the surety company and the same was forwarded to the Southern Surety Company at Dallas, Tex., together with the deeds, with the understanding between Draper and Allen that the instrument would be executed and a copy returned to Allen or the deeds would be returned to him. After considerable delay and many inquiries by Allen, a letter or instrument outlining a proposed trust agreement prepared by the attorneys for Southern Surety Company in Dallas was forwarded by Southern Surety Company to one of their local agencies, who in turn delivered the same to Allen. Allen refused to accept the instrument as evidencing the agreement theretofore made with Draper and demanded that the original instrument forwarded be executed and returned or that the property be turned back to him. The agency advised Allen that a representative of the surety company would be in town in a few days and he would have him get in touch with him. The proposed agent never appeared and the deeds were retained by the surety company and the rentals from the property as well as some payments on one of the equities were received and retained by the surety company up to the time of trial.

It further appears from the evidence that at the time the deeds of conveyance were made and delivered to Draper, both Allen and Draper, after proper consideration, were of the opinion that the interests so conveyed were of sufficient value to pay off all materialmen and probably leave a balance.

Mr. W. L. Allen, a member of the firm of Allen & O'Rourke, after testifying to the agreements before stated between him and Draper, further testified that the written agreement which was signed by Allen & O'Rourke, and together with the deed to the property executed by Allen & O'Rourke to Ernest L. Draper, agent, was sent by Draper to the attorney and manager of appellant at Dallas, was the instrument then handed to witness and put in evidence by appellee. This instrument contained the following recitals of the consideration for the deed:

"Now, therefore, Southern Surety Company, a corporation, acting hereby and through its Agent, Ernest L. Draper, hereunto duly authorized, in consideration of the conveyance to it by the said Allen & O'Rourke of the above described properties, and other considerations unto it moving, does hereby promise, agree and obligate itself to pay promptly to the above mentioned creditors the sums above mentioned as owing to each by the said Allen & O'Rourke, except the sum mentioned as owing to Alexander Schroeder Hardwood Lumber Company, the exact amount of which is now in dispute, and said Southern Surety Company shall only pay the actual amount determined to be due. It is expressly agreed that this contract shall be not only for the benefit of the said Allen & O'Rourke, but also for the benefit of the above mentioned creditors, and the rights ac-

quired by said creditors hereunder shall not be in lieu of their rights under said bond above mentioned but shall be in addition thereto."

Two witnesses, one of them a witness for plaintiff, testified to statements made to them by Draper to the effect that he had secured a deed from Allen & O'Rourke for property which he intended to sell and pay all the claims of Allen & O'Rourke arising out of their building contract with Kier. The other witness also testified that Draper procured from him a copy of the invoice for the stone furnished by the Pyramid Stone Company in the construction of the Kier building.

All of the intervening creditors for whom Allen & O'Rourke recovered judgment in the court below were named as such creditors in this agreement.

We think the evidence above set out amply sustains the findings of the jury.

�as before set out, the evidence shows that the appellant collected rents from the property conveyed to it by Allen & O'Rourke in some of the property conveyed. It made a tender of the moneys so received upon the trial of the case, and claimed by its answer that it only held the property as trustee for Allen & O'Rourke and the creditors of that firm. In support of this claim it put in evidence a trust agreement written by appellant's attorney and sent to one of its agents or correspondents at Houston for presentation to and obtaining the signature of Allen & O'Rourke. When this instrument was presented to Allen, he declined to accept it in lieu of the original agreement, and asked the party who presented it to him to so inform appellant and tell it to sign and return the agreement made by his firm with Draper, or to redeem the property which he and O'Rourke had conveyed to it. The party acting for appellant in seeking to obtain this trust agreement informed Allen that appellant would have an agent authorized to act for it in Houston in a few days and advised him to wait until the agent arrived. No such agent of appellant ever arrived on the scene. It seems clear to us that this effort of appellant to substitute the trust agreement prepared by its attorney for the original agreement made by Allen and Draper was abortive, and that having retained the deed to the property conveyed to it by Allen & O'Rourke under the original agreement, with full knowledge of all the facts, as found by the jury, and having received all the benefits accruing to it under the original agreement, it cannot now repudiate its obligations. One of the cases cited by appellant upon the issues of ratification and statute of frauds can be applied to the facts of this case. If under any view of the evidence in this record the statute of frauds could be invoked as a defense by the appellant, the finding by the jury that the appellant accepted the deeds to the property made under the agreement with Draper with full knowledge of all the facts and received all of the benefits accruing to it under such deed and agreement would destroy such defense. The case of Waggoner v. Herring, etc., 120 Tex. 605, 40 S.W.(2d) 1, cited by appellant, clearly recognizes this equitable principle.

It follows that the judgment must be affirmed, and it has been so ordered.

Affirmed.