JOHN L. STEINBUGLER, Respondent, Appellant, v. WILLIAM C. ATWATER & Co., INC., Appellant, Respondent. (Appeal No. 1.) — Judgment modified on the law and the facts by increasing the amount of damages from $215,703.25, with interest from December 22, 1938, to $270,767.25, with interest from April 23, 1936. As thus modified, the judgment is affirmed, with costs to respondent-appellant. Appeal from amended judgment dismissed, without costs. (See Steinbugler v. Atwater & Co., Inc., No. 2 [post, p. 865], decided herewith.) In accordance with the contract and under the proof, plaintiff was entitled to recover the book value of the shares of stock appearing on the books at the time of his resignation, plus the equivalent of the aggregate earnings per share for the two years preceding the time of such resignation. The book value at the time of his resignation was the value as it was fixed by the corporation on March 31, 1935, with the profit for the fiscal year ending March 31, 1936, less a two per cent dividend, amounting to $3,336,951.69, which fixed the value of plaintiff's shares at $357,525. Two years' earnings, figured at $21.38 per share, amount to $32,070. This makes a total of $389,595. From this must be deducted the amount plaintiff concededly owed for the stock — $116,366.75 — so that his damages, including a concession

by plaintiff of $2,461, are $270,767.25. The actual value of the net assets provided a surplus more than sufficient to pay the amount of recovery herein. Furthermore, this being an action at law, defendant's attack on the book value at the time of the resignation may not be considered. In *Drucklieb* v. *Harris, Inc.* (155 App. Div. 83; revd., 209 N. Y. 211), it is indicated that to question the value of stock as it is valued on the books, an action in equity is essential. The interest should be calculated from April 23, 1936, the time when it is alleged that defendant refused to repurchase the stock. (Civ. Prac. Act, § 480.) Hagarty, Carswell, Adel and Taylor, JJ., concur; Lazansky, P. J., concurs in the dismissal of the appeal from the amended judgment but otherwise dissents and votes to reverse the judgment and to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, on the authority of the rule of law stated in *Topken, Loring & Schwartz, Inc.*, v. *Schwartz* (249 N. Y. 206). It is suggested that the *Topken* case has been overruled by *Titterington* v. *Colvin* (269 N. Y. 550), where, on motion for reargument (270 N. Y. 321), the Court of Appeals said: " We do not approve the ruling below that the contract was void under *Topken, Loring & Schwartz, Inc.*, v. *Schwartz* (249 N. Y. 206)." This cannot be said to be a disaffirmance of the *Topken* case. It may be that in the *Titterington* case the Court of Appeals was of opinion that the contract therein was not void because (1) it might be construed as an agreement between stockholders and not an agreement between the corporation and stockholders (*Strasburger* v. *Rosenheim*, 234 App. Div. 544), although it is signed by the corporation; (2) the contract had been performed by virtue of an agreement between George A. Titterington, executor of the estate of Morris M. Titterington, deceased; Charles H. Colvin and Pioneer Instrument Co., Inc., dated June 10, 1929; (3) the value of the stock to be delivered by the retiring stockholder was to be paid by delivering to the seller third preferred stock carrying six per cent cumulative dividends, subject to retirement or repurchase by the corporation at any time on ten days' notice over a period of ten years; (4) at the time of the delivery of the stock by the stockholder to the corporation, the corporation was required to reassign to the seller as collateral security for the retirement and payment of the third preferred stock all of the stock being sold by the seller to the corporation and, in the event of a default on the part of the corporation, there was to be a sale of the common stock at public auction and the corporation was to remain liable for any deficiency resulting from the sale.