■     GENESEE MANAGEMENT, INC., as Agent for JAMES P. WILMOT, Doing Business as FAYETTEVILLE MALL, et al., Respondents, v DALE DEL BELLO,

Appellant.—Order unanimously affirmed, with costs. Memorandum: Special Term did not abuse its discretion in extending plaintiffs' time to move to strike interrogatories under CPLR 3133 (see CPLR 2004; cf. *Matter of Handel v Handel*, 26 NY2d 853, 855). Nor did it err in striking defendant's Interrogatories Nos. 7, 8c and 10. Plaintiffs seek recovery for rents and other charges accruing during defendant's alleged use and occupancy of plaintiffs' commercial premises. The lease purporting to create the tenancy was declared invalid as violative of section 5-703 of the General Obligations Law *(Genesee Mgt. v Del Bello*, 60 AD2d 779). Nonetheless, plaintiffs may recover a reasonable compensation for the use and occupation of the premises (Real Property Law, § 220), measured in the circumstances presented, by the intent and understanding of the parties in embarking upon the landlord-tenant relationship. Where one enters into possession of real property under an invalid or ineffectual lease with the consent of the lessor, "he is a tenant at will merely, subject to liability to pay at the rate of the stipulated rent as for use and occupation" *(Talamo v Spitzmiller*, 120 NY 37, 43; see *Coudert v Cohn*, 118 NY 309; *Laughran v Smith*, 75 NY 205; *Reeder v Sayre*, 70 NY 180). Plaintiffs assert that they seek to recover the agreed rental for the period of defendant's claimed use and occupancy. Although defendant, by Interrogatory No. 7, seeks disclosure of data relating to other leases of premises in plaintiffs' mall, he asserts no agreement or understanding of the parties contrary to that asserted by plaintiffs concerning the agreed rental. Thus it has not been demonstrated that the evidence sought is "material and necessary in the prosecution or defense" of the action (CPLR 3101). Defendant's Interrogatories Nos. 8c and 10 relate to the charges made by plaintiffs to defendant for electricity supplied by Niagara Mohawk Power Corporation. The admissions made by plaintiffs and the information which already has been furnished to defendant are sufficient to preserve whatever rights defendant may have under section 75 of the Public. Service Law. (Appeal from order of Monroe Supreme Court—strike interrogatories.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.