BROWNIE'S ARMY & NAVY STORE, INC., Respondent-Appellant,
v E. J. BURKE, JR., INC., Appellant-Respondent.

Fourth Department, January 24, 1980

### APPEARANCES OF COUNSEL

*Mahoney, Berg & Cornell (Donald T. Cook* of counsel), for appellant-respondent.

*Levitt, Bookbinder & Clark (Sanford L. Clark* of counsel), for respondent-appellant.

### OPINION OF THE COURT

WITMER, J.

■ ■ The principal questions presented on this appeal and cross appeal are whether the plaintiff may require the defendant to pay plaintiff's attorneys' fees or, alternatively, pay plaintiff's general litigation expenses under section 2-710 of the Uniform Commercial Code. We conclude that on the facts in this case plaintiff is not entitled to be recompensed under either theory.

Plaintiff was in the business of selling uniforms and defendant was in the business of furnishing security personnel to various businesses, defendant having about 500 employees so engaged. Such employees were required to wear uniforms indicative of their position, for which defendant paid. For approximately 15 years defendant's practice was to write an order on plaintiff for such uniform equipment and have the employee take the order to plaintiff to be filled. Plaintiff's practice was to fill out a sales slip in connection with each sale, on which was printed that the terms were 30 days, after which 1% per month would be added, plus 33⅓% of the unpaid balance if plaintiff were required to place the bill with its attorneys for collection. On receiving the merchandise the employee generally signed such sales slip in acknowledgment thereof. At the end of each month plaintiff would send copies of the sales slips to defendant with its billing therefor, and a running account was maintained. Plaintiff had no other writing or agreement with defendant with respect to payment of

interest or attorneys' fees on delinquent bills. Defendant's employees had no authority to do more than obtain the equipment from plaintiff and acknowledge its receipt at defendant's expense.

Despite the printed terms on the sales slips, for years defendant was generally several months in arrears in its payments, but plaintiff never charged interest on the account nor mentioned interest or placement of the account with an attorney for collection at defendant's expense, until late July, 1974, two months before plaintiff brought suit. Indeed, plaintiff's practice was not to charge interest to any customer or to give an account to its attorneys for collection unless the customer was very "late" in payment.

Between January and June, 1974 plaintiff's bill to defendant ran between $3,000 and $5,500, accumulated since September 1973, less payments. On June 4, 1974 defendant paid $3,000 on account, at which time the bill became current according to its terms. On July 26, 1974 plaintiff wrote a letter to defendant stating that the balance due as of July 1 was $4,034.11, that plaintiff needed the money to pay taxes, and asking for prompt payment. In the letter plaintiff stated that it was adding interest at 1% per month and that if it became necessary to place the bill in the hands of an attorney to collect, 33⅓% of the unpaid balance would be added thereto. At that time the bill was only 14 days overdue according to the printed sales slip terms. Apart from that letter, plaintiff never discussed with defendant adding interest to its bill nor suggested that the bill would soon be placed in the hands of its attorneys for collection. In late August 1974 defendant paid another $1,000 on its bill. Defendant had never refused to pay its bill, but was tardy in its payments thereon.

On September 24, 1974 plaintiff had a summons and complaint served on defendant in an action in Buffalo City Court to collect the principal balance of defendant's bill in the sum of $4,143.60, plus interest and attorneys' fees. Defendant promptly offered to pay the principal balance without interest or attorneys' fees but plaintiff refused it. Defendant then, on October 10, 1974, made formal tender of such net payment and paid that sum into court. Plaintiff moved for summary judgment for that amount and asked the court to sever the issues of interest and attorneys' fees for trial, and the motion was granted in late 1974. The latter issues were brought to trial in March 1977.

City Court held that there was no contract for the payment of interest or attorneys' fees and denied them, but it awarded to plaintiff the sum of $250 for its "necessary reasonable expenses", and judgment was entered thereon, totaling $325.25, including interest on the award and costs. Both parties appealed to County Court. That court held that defendant had breached "a contractual agreement of some form" and it modified the City Court judgment by awarding an additional sum of $250 to plaintiff as attorneys' fees and, as so modified, it affirmed the City Court judgment. Again both parties have appealed.

■■ We conclude that both courts erred. There was no agreement between the parties for payment of interest on a delinquent account or payment of attorneys' fees if plaintiff deemed it appropriate to place the account in the hands of its attorneys for collection.

■ Interest may be charged on delinquent accounts, and generally it is owing by a debtor from the date the debt is due or from the date the debtor refuses payment (*Schwartz v Greenberg,* 279 App Div 750, revd on other grounds 304 NY 250; and see *Steinbugler v Atwater & Co.,* 264 App Div 864, affd 289 NY 816). The custom and practice of the parties can affect the imposition of interest. The evidence here is that plaintiff never expected his customer to pay interest unless the account was very "late", and because plaintiff had never asked defendant for interest or charged interest to defendant, defendant had reason to believe that none would be charged in the absence of notice. No notice of interest charge was given by plaintiff to defendant until late July 1974 shortly before suit was brought, and at that time the account was only delinquent by 14 days. The denial of interest by the City and County Courts should be affirmed.

■ With respect to attorneys' fees, plaintiff cannot charge them to defendant in the absence of statute or special agreement (*Alyeska Pipeline Co. v Wilderness Soc.,* 421 US 240; *Neri v Retail Mar. Corp.,* 30 NY2d 393; *Young v Toia,* 66 AD2d 377, 378; *Piaget Watch Corp. v Audemars Piguet & Co.,* 35 AD2d 920; and see *Matter of Mead v First Trust & Deposit Co.,* 60 AD2d 71, 76). As City Court held, there was no agreement here for the payment of attorneys' fees, and so plaintiff's cross appeal for failure of either court to award it attorneys' fees in the alleged contract amount of one third of the principal amount of the indebtedness must fail.

■ ■ Defendant questions the propriety of the award in City Court of "reasonable necessary expenses" incurred by plaintiff in bringing its action, and the further award of $250 by County Court for attorneys' fees on the basis of a breach of contract. County Court properly refused to be bound by the terms of the alleged agreement on the printed sales slips (see *Matter of First Nat. Bank of East Islip v Brower,* 42 NY2d 471, 474; *Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516, 521 *et seq.; Matter of Mead v First Trust & Deposit Co., supra).* It erred, however, in awarding any attorneys' fees to plaintiff, because there was no agreement by defendant to pay them.

City Court seems to have relied on sections 2-709 and 2-710 of the Uniform Commercial Code for its authority to award $250 to plaintiff for reasonable necessary expenses. The pertinent parts of such sections are as follows.

Subdivision 1 of section 2-709 provides: "When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price".

Section 2-710 provides: "Incidental damages to an aggrieved seller include any commercially reasonable charges, expenses or commissions incurred in stopping delivery, in the transportation, care and custody of goods after the buyer's breach, in connection with return or resale of the goods or otherwise resulting from the breach."

In our view the above provisions of the Uniform Commercial Code do not authorize the court in effect to award attorneys' fees. The "incidental damages" provided for in section 2-710 are restricted to "commercially reasonable charges" generally described therein, and the words "or otherwise resulting from the breach" may not be read as expanding the section to include attorneys' fees. To change the long-standing law in respect of attorneys' fees, the statute must be much more explicit. The Court of Appeals has so held *(Neri v Retail Mar. Corp.,* 30 NY2d 393, 401, *supra).*

Not only is there no basis for an award of attorneys' fees in this case, there is no evidence before the court to support an award under the Uniform Commercial Code allowing commercially reasonable charges. Moreover, it is noted that promptly after this action was instituted in City Court, defendant offered to pay the principal sum due without interest or attorneys' fees and actually paid the money into the court. In

such circumstances, most of plaintiff's attorneys' fees in this action were incurred in an effort to collect attorneys' fees for services which were performed after the tender of payment. It should be noted that in the absence of a contract or a special statute a plaintiff may not be allowed attorneys' fees incurred in collecting his attorneys' fees (see *Matter of Fresh Meadows Med Assoc. [Liberty Mut. Ins. Co.]*, 49 NY2d 93 [wherein attorneys' fees for collecting attorneys' fees were allowed but based upon construction of the statute therein]).

■■■ For the foregoing reasons the order of County Court and the judgment of City Court should be modified to delete the award of counsel fees by County Court and the award of necessary expenses, interest thereon and costs by City Court, and otherwise they should be affirmed and the complaint dismissed.

CARDAMONE, J. P., SIMONS, SCHNEPP and DOERR, JJ., concur.

Order and judgment unanimously modified and, as modified, affirmed, with costs to defendant, in accordance with opinion by WITMER, J.