■ GENESEE MANAGEMENT, INC., as Agent of FAYETTEVILLE MALL, et al., Appellants, v DALE DEL BELLO et al., Respondents. — Judgment unanimously affirmed, with costs, Schnepp, J., not participating. Memorandum: In these consolidated actions, defendant Dale Del Bello is the sole defendant in the action brought by plaintiffs. This appeal is from that part of the judgment, entered upon a nonjury trial, which dismissed plaintiffs' complaint. The complaint alleges three causes of action: the first seeks damages for the nonpayment of rentals pursuant to the terms of a written lease; the second alleges that the lease provided for payment to the landlord of counsel fees incurred in enforcing obligations of the tenant under the lease and seeks to recover counsel fees so incurred; the third seeks recovery of the reasonable value of the use and occupancy of the premises from September 1, 1975 to November 30, 1977. We have earlier determined that this lease is unenforceable because of its noncompliance with section 5-703 of the General Obligations Law but, because it appeared that plaintiffs had a cause of action for use and occupation (see Real Property Law, § 220), we affirmed the denial of defendants' motion for summary judgment (*Genesee Mgt. v Del Bello,* 60 AD2d 779, 69 AD2d 987). The holding that the lease is unenforceable is the law of the case, and plaintiffs' first cause of action premised upon the terms of the lease was properly dismissed. Moreover, since the only basis for plaintiffs' cause of action for counsel fees is the provision in the void lease, that cause of action also was properly dismissed (*Brownie's Army & Navy Store v E. J. Burke, Inc.,* 72 AD2d 171; *Statement, Inc. v Pilgrim's Landing,* 49 AD2d 28). As to the third cause of action, the proof at trial failed to establish that defendant Del Bello used and occupied the premises during the period for which rentals are here sought. Fully supported in the record is the determination of the Trial Justice

"that De-Ma-Be, Inc. exclusively occupied and used the premises from September 1, 1975 to November, 1977, and that such occupancy was known to the plaintiffs." (Appeal from judgment of Supreme Court, Monroe County, Mastrella, J. — rental for use and occupancy.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.